IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. CROSBY,<br><br>       Plaintiff,<br><br>  vs.<br><br>OAK HOTEL, et al.,<br><br>       Defendants. | No. C 06-3775 JSW (PR)<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**(Docket nos 2, 4, 5)** |

# INTRODUCTION

Plaintiff, currently detained at Atascadero State Hospital, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint asserts the same cause of action that he has raised in multiple prior cases: C 02-4195 JSW (PR); C 04-1353 JSW (PR); C 04-2182 JSW (PR); C 04-2373 JSW (PR); and, most recently, C 05-4464 JSW (PR). Several of these actions were dismissed for failure to state a claim upon which relief could be granted and the order of dismissal in C 05-4464 JSW (PR) reiterates the bases for dismissal of Plaintiff's claims against each Defendant. Therefore, the instant case is DISMISSED as duplicative of Plaintiff's earlier filed complaints. Plaintiff's pending motions are DENIED as moot (docket nos. 2, 4, 5) and no fee is due.

# DISCUSSION

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed, however.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II      Duplicative Claims

A complaint that merely repeats pending or previously litigated claims may be dismissed under the authority of 28 U.S.C. § 1915.  *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988).  This action is duplicative of an earlier complaint filed in this Court that is still pending and is therefore DISMISSED.

## CONCLUSION

For the foregoing reasons and good cause shown, Plaintiff's action is DISMISSED and all motions are TERMINATED as moot.  The Clerk of Court shall enter judgment on this matter and close the file.

IT IS SO ORDERED.

DATED:  December 7, 2006

JEFFREY S. WHITE
United States District Judge

2